## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EIN SERVICES, LLC ELF MCP ENTERPRISES, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 12-0411**  (BOR Appeal No. 2046627)
(Claim No. 2012007143)

**LOUIS J. BUANTELLO,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner EIN Services, LLC ELF MCP Enterprises, LLC, by Bradley A. Crouser, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 20, 2012, in which the Board affirmed a November 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 24, 2011, decision rejecting Mr. Louis J. Buantello's claim. The Office of Judges held the claim compensable for a cervical strain, a lumbosacral strain, a chest contusion, and a rib contusion. The Office of Judges also granted Mr. Buantello temporary total disability benefits for the period of July 31, 2011, to October 14, 2011. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buantello worked as a maintenance technician for EIN Services. Although EIN Services has its primary place of business in Beaver, West Virginia, Mr. Buantello's job required him and several other employees to travel to a mine site in Kentucky on the weekends. EIN Services paid him at an hourly rate from the time he arrived at the mine site in the morning until he left in the afternoon. But EIN Services paid for his accommodations while he was in Kentucky. Mr. Buantello and the other employees travelled to the location of the job in a

1

company owned vehicle and EIN Services paid for fuel for the vehicle. Mr. Buantello and the other employees would also haul tools in a trailer to the job site. On July 31, 2011, Mr. Buantello and the other employees on the site loaded up the trailer of tools, clocked out at the mine site, and began the trip back to West Virginia. While they were still in Kentucky, the driver of the vehicle fell asleep and crashed into a tree. Mr. Buantello received injuries to his neck, back, and rib. Mr. Buantello filed an application for workers' compensation benefits but the claims administrator rejected his claim on August 24, 2011, stating that the claim should have been filed in the State of Kentucky. Mr. Buantello was treated by Dr. Zadir who diagnosed him with a cervical strain, a lumbosacral strain, a contusion of the chest, and a rib contusion. Dr. Zadir released Mr. Buantello to return to work on October 14, 2011. The Office of Judges then reversed the claims administrator's decision on November 18, 2011. The Office of Judges found Mr. Buantello's injuries compensable and it granted Mr. Buantello temporary total disability benefits for the period of July 31, 2011, through October 14, 2011. The Board of Review affirmed the Order of the Office of Judges on March 20, 2011, leading EIN Services to appeal.

The Office of Judges concluded that Mr. Buantello's travel to and from Kentucky was within the scope of his employment because the work was transitory in nature and the travelling was for the benefit of EIN Services. The Office of Judges concluded that Mr. Buantello's injury was compensable because it was suffered while he was performing a special errand for the employer. The Office of Judges, finally, concluded that Mr. Buantello was entitled to temporary total disability benefits from July 31, 2011, through October 14, 2011, when he was released to return to work. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Although the motor vehicle accident in which Mr. Buantello was injured occurred on a public highway and not on the premises of EIN Services, Mr. Buantello received his injuries in the course of and resulting from his employment. The particular circumstances of Mr. Buantello's travels, including the trouble and time of making the journey, are sufficiently substantial that it was part of Mr. Buantello's employment. *Williby v. W. Va. Office of Ins. Comm'r*, 224 W.Va. 358, 363, 686 S.E.2d 9, 14 (2009). Mr. Buantello is also entitled to temporary total disability benefits for the period of July 31, 2011, through October 14, 2011. Mr. Buantello has presented sufficient evidence to demonstrate that he was temporarily and totally disabled during that period and there is no evidence in the record that weighs against this finding.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II